UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

HORACE MAYBANK,

                Plaintiff,

      - against -

JO ANNE B. BARNHART,

                Defendant.

------------------------------------------------x

03 Civ. 10125 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/09

      Horace Maybank brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying him disability insurance benefits. The Commissioner has moved for judgment on the pleadings on the ground that her decision was supported by substantial evidence. Plaintiff opposes this motion, and moves for vacatur and remand of the Commissioner's final decision.

      The Commissioner's motion is denied, and the matter is remanded for further proceedings as described later in this opinion.

### Facts

      It is uncontested that when plaintiff filed his application for disability insurance benefits under Title II and Title XVI of the Social

1

Security Act on December 13, 2001, he asserted disability based solely upon back pain. In his application, he claimed that this back pain was caused by a bus accident that had occurred in September 1998, though he did not become unable to work because of this disabling condition until May 18, 2001.

On April 3, 2002, his claim was rejected. Plaintiff requested reconsideration, and was granted a hearing before the Administrative Law Judge Kenneth G. Levin. This hearing was held on May 7, 2003, and plaintiff appeared pro se, after having waived the right to legal representation. At this hearing, plaintiff asserted for the first time that his work precluding symptoms included the HIV disease and asthma, in addition to back pain. Plaintiff also added that he suffered from mental impairments, including depression and occasional hallucinations.

On June 13, 2003, the ALJ held in a written decision that plaintiff was not disabled, and this decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on October 9, 2003. Plaintiff then commenced the instant action on October 30, 2003, and thereafter, secured representation of counsel. Plaintiff now challenges the Commissioner's decision on the ground that he is disabled based on physical impairments including the HIV disease, asthma, and back pain, as well as mental impairments, including depression, and bipolar disorder.

## The Evidence At the Hearing

Plaintiff was born on May 20, 1971, which means he was thirty one years old at the time of the hearing before the ALJ. Plaintiff testified that he had completed high school, though he reported that he was in a "slower class."

Plaintiff testified that he was unable to work because of various physical impairments, including the HIV disease, which makes him tired and causes him pain. He also complained of back pain from a bus accident in 1998, which occurs just "now and then," and asthma, though he conceded that he only infrequently experiences asthma attacks. Plaintiff testified that he smoked one to one and a half packs of cigarettes a day up until about two weeks before the hearing.

Plaintiff additionally testified at the hearing that he suffers from depression, which he attributes to the death of his brother in 1998, though he had difficulty explaining the symptoms to the ALJ. Plaintiff testified that he began taking Prozac for depression in 1998, and in September 2002 was also prescribed Sinequan, and later, Lexapro. He testified that he had been seeing a doctor named Richard Gold for the depression from the end of September 2002 until January 2003, and believed it was Dr. Gold who had started him on the drug Sinequan. Plaintiff then testified that more recently, a psychiatrist had changed the Sinequan to Zyprexa. Plaintiff testified that now and then, he

experienced hallucinations, such as hearing his deceased brother's voice, and seeing birds that are not really there.

Plaintiff conceded that he used crack cocaine and alcohol in the past, but denied that these substances were related to his psychiatric symptoms. Finally, plaintiff submitted to the ALJ at the hearing a short note from a doctor named Manuel P. Santos, dated April 30, 2003, which read: "to whom it may concern, Mr. Horace Maybank was seen and evaluated today in Bellevue Hospital for psychiatric care and will be seen for a follow-up appointment in two weeks."

In addition to receiving plaintiff's testimony, the ALJ asked two medical experts to testify at the hearing: an internist/infectious disease specialist, Dr. Jay Ward Kislak, and a clinical psychologist, Dr. Michael Friedman. The ALJ had requested and arranged that plaintiff undergo consultative examinations in light of the fact that plaintiff's primary source of treatment was hospital emergency rooms. See 20 C.F.R. § 404.1517, which provides that the Commissioner will request that an individual undergo consultative examinations if medical sources cannot provide sufficient evidence to evaluate impairment to determine whether disabled. However, those efforts were unsuccessful, because plaintiff requested that the appointments be rescheduled, and then failed to keep them.

While Doctors Kislak and Friedman were not able to examine plaintiff, they reviewed plaintiff's medical records and listened to his

testimony during the hearing. Mark Ramnauth also testified at the hearing as a vocational expert.

Plaintiff had sought treatment at hospital emergency rooms, outpatient clinics, and detoxification centers on a number of occasions. Plaintiff was treated at Bellevue Hospital on September 20, 2002, complaining of shortness of breath. Radiology records indicated that plaintiff may have reactive airway disease or small airway inflammation. He was diagnosed with "broncospasm vs. asthma exacerbation," and recommended to "cut down on cigarettes as much as possible." Shortly thereafter, on October 6, 2002, plaintiff was treated at St. Luke's-Roosevelt Hospital for an episode of acute bronchitis. Plaintiff reported to medical staff at Bellevue Hospital on February 4, 2003 that he averaged three asthma attacks a year, and other medical records include notations of a past medical history of asthma.

The medical record also indicates that plaintiff repeatedly complained of back pain at a number of different hospitals during the relevant period. But examinations were unremarkable. The clinical findings were limited to tenderness in the back, and an x-ray that revealed straightening of the lumbar spine, but no fracture or dislocation. Plaintiff was diagnosed several times with backache or back pain, but no neurological abnormalities.

It is uncontested that plaintiff has the HIV disease. The medical record first showed plaintiff's positive HIV status during a visit to

Bellevue Hospital on November 16, 2002, though plaintiff reported first testing positive in October 2002. Dr. Helen Lupatkin at Bellevue Hospital examined plaintiff on February 13, 2003, and concluded that everything was normal except for bilateral enlarged parotid glands, a condition consistent with HIV infections, and hyperinflated lungs.

The medical record also indicates that plaintiff has a long history of substance abuse and recent psychiatric complaints. Plaintiff had detoxification stays at Cornerstone of Medical Arts Hospital on several occasions: November 6-11, 2001 (alcohol withdrawal); February 9-11, 2002 (alcohol and crack); June 17-22, 2002 (alcohol and crack); and July 2-8, 2002 (alcohol, cocaine and heroin). He also underwent detoxification from alcohol, crack, and heroin at St. Barnabas Hospital on January 8-11, 2003.

Plaintiff's complaints of hallucinations began on August 25, 2002, when plaintiff was seen at Bellevue Hospital complaining of depression. The hospital records indicate that plaintiff reported doing crack the morning before the visit, and drinking alcohol the night before. Plaintiff also reported daily use of alcohol, as well as using heroin every other day, and crack on the weekends. The diagnosis was that plaintiff was not a danger to others or himself. Shortly thereafter, on September 14, 2002, he was seen in the emergency room of St. Barnabas Hospital complaining about hearing voices. Tests revealed alcohol in plaintiff's blood. Plaintiff was also later seen at St. Clare's Hospital emergency

room complaining of depression and hallucinations, and at Bellevue Hospital. On January 23, 2003, plaintiff visited the emergency room of St. Luke's-Roosevelt Hospital complaining of hearing voices. During that visit, plaintiff reported drinking beer and using crack within the last two days. He was diagnosed with (1) substance induced mood disorder, (2) polysubstance dependence, (3) depressive disorder, and (4) personality disorder. No specifics are listed for the depressive and personality disorders. Plaintiff returned to the psychiatric division at Bellevue Hospital on January 27, 2003, where he reported that he drank a quart of whiskey, or a gallon of wine, or three to six packs of beer, daily. He was diagnosed with a mood disorder, not otherwise specified, and opiate, cocaine, and alcohol dependence. Finally, on February 13, 2003, plaintiff again visited Bellevue Hospital's psychiatric division complaining of depression. The records stated that plaintiff was alcohol, crack/cocaine and heroin dependent.

Most recently, plaintiff claimed that he suffers from bipolar disease. As proof, plaintiff submitted to the Appeals Council a second letter from Dr. Santos dated July 23, 2003, which states: "Mr. Horace Maybank is a patient at Bellevue Hospital and has been under my care since 4/30/03 and is seen approximately once per month for psychopharmacologic management of a bipolar disorder (NOS), for which he receives Lexapro 10mg and Zyprexa 15mg. The patient will require ongoing treatment to care for and monitor his condition."

**Discussion**

Plaintiff made claims before the ALJ of both physical and mental impairments, constituting disability within the meaning of the law. The ALJ's decision rejecting these claims is thorough and well-reasoned. Based on the evidence, the ALJ's findings were based on substantial evidence, as far as the record before him went. As explained in detail by the ALJ, there was no valid claim of physical disability. As far as plaintiff's mental difficulties were concerned, the ALJ had ample grounds, to say the least, to find that such difficulties resulted from cocaine and heroine usage, and drastically excessive consumption of alcohol. Drug and alcohol abuse are not, under the law, a basis for finding social security disability. See 42 U.S.C. § 423(d)(2)(C).

However, it is advisable to remand the matter to ensure that the record is complete. See Atkinson v. Barnhart, No. 03 Civ. 6098, 2004 WL 206324, at *3 (2d Cir. Feb. 3, 2004). It appears that there may have been a treating physician for mental problems by the name of Dr. Richard Gold. Also, there appears to have been some degree of treatment sought by plaintiff from Dr. Manuel P. Santos, who provided a letter to plaintiff, dated July 23, 2003, indicating that plaintiff may have had a bipolar disorder. This letter was given by plaintiff to the Appeals Council.

The Second Circuit has stated that "where the administrative record contains gaps, remand to the Commissioner for further

development of the evidence is appropriate." Butts v. Barnhart, 388 F.3d 377, 385 (2d Cir. 2004). On remand, reports should be sought from Doctors Gold and Santos, or there should be specific explanation as to why such reports would not be available or be relevant. See Devora v. Barnhart, 205 F. Supp.2d 164, 172-73 (S.D.N.Y. 2002).

## Conclusion

The Commissioner's motion for judgment on the pleadings is therefore denied and the matter is remanded to the Commissioner.

Dated: New York, New York
       February 11, 2009

SO ORDERED

Thomas P. Griesa
U.S.D.J.

9